UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOFTCHOICE CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:10-CV-02032-O |
| SHI INTERNATIONAL CORPORATION, | § | |
| MICHAEL BRITTON, HEATH FIEDLER, | § | |
| JOSH FRUEHAN, PHIL WILHELM, RYAN | § | |
| SHEEHAN, AND RYAN FORD | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

Defendants SHI International Corporation ("**SHI**"), Michael Britton, Heath Fiedler, Josh Fruehan, Phil Wilhelm, Ryan Sheehan, and Ryan Ford, (collectively, "**Defendants**") move this Court for an order pursuant to Rule 12(e), Fed.R.Civ.P., requiring plaintiff Softchoice Corporation ("**Softchoice**") to file a more definite statement of the following matters:

(1)     How defendant Britton "willfully and repeatedly violated the terms" of his agreement with Softchoice.  (Complaint, Paragraph 109.)

(2)     How defendant Fiedler "willfully and repeatedly violated the terms" of his agreement with Softchoice.  (Complaint, Paragraph 109.)

(3)     How defendant Fruehan "willfully and repeatedly violated the terms" of his agreement with Softchoice.  (Complaint, Paragraph 109.)

(4)     How defendant Wilhelm "willfully and repeatedly violated the terms" of his agreement with Softchoice.  (Complaint, Paragraph 109.)

(5)     How defendant Sheehan "willfully and repeatedly violated the terms" of his agreement with Softchoice.  (Complaint, Paragraph 109.)

(6)     How defendant Ford "willfully and repeatedly violated the terms" of his agreement with Softchoice.  (Complaint, Paragraph 109.)

(7)     What "confidential, proprietary or trade secret information" defendant Britton "misappropriated."  (Complaint, Paragraph 110 and 113.)

(8)     What "confidential, proprietary or trade secret information" defendant Fiedler "misappropriated."  (Complaint, Paragraph 110 and 113.)

(9)     What "confidential, proprietary or trade secret information" defendant Fruehan "misappropriated."  (Complaint, Paragraph 110 and 113.)

(10)    What "confidential, proprietary or trade secret information" defendant Wilhelm "misappropriated."  (Complaint, Paragraph 110 and 113.)

(11)    What "confidential, proprietary or trade secret information" defendant Sheehan "misappropriated."  (Complaint, Paragraph 110  and 113.)

(12)    What "confidential, proprietary or trade secret information" defendant Ford "misappropriated."  (Complaint, Paragraph 110 and 113.)

(13)    Which Softchoice "customers,"  "clients," or "prospective clients" Britton is alleged to have solicited. (Complaint, Paragraphs 111, 112(A), 112(B), 115(B), and 116, 123.)

(14)    Which Softchoice "customers,"  "clients," or "prospective clients" Fiedler is alleged to have solicited. (Complaint, Paragraphs 111, 112(A), 112(B), 115(B), and 116, 123.)

(15)    Which Softchoice "customers,"   "clients," or "prospective clients" Fruehan is alleged to have solicited. (Complaint, Paragraphs 111, 112(A), 112(B), 115(B), and 116, 123.)

(16)     Which Softchoice "customers,"   "clients," or "prospective clients" Wilhelm is alleged to have solicited. (Complaint, Paragraphs 111, 112(A), 112(B), 115(B), and 116, 123.)

(17)     Which Softchoice "customers,"   "clients," or "prospective clients" Sheehan is alleged to have solicited. (Complaint, Paragraphs 111, 112(A), 112(B), 115(B), and 116, 123.)

(18)     Which Softchoice "customers,"  "clients," or "prospective clients" Ryan is alleged to have solicited. (Complaint, Paragraphs 111, 112(A), 112(B), 115(B), and 116, l23.)

(19)     Which Softchoice employees Britton is alleged to have solicited. (Complaint, Paragraph 112(C).)

(20)     Which Softchoice employees Fiedler is alleged to have solicited. (Complaint, Paragraph 112(C).)

(21)     Which Softchoice employees Fruehan is alleged to have solicited. (Complaint, Paragraph 112(C).)

(22)     Which Softchoice employees Wilhelm is alleged to have solicited. (Complaint, Paragraph 112(C).)

(23)     Which Softchoice employees Sheehan is alleged to have solicited. (Complaint, Paragraph 112(C).)

(24)     Which Softchoice employees Ryan is alleged to have solicited. (Complaint, Paragraph 112(C).)

(25)     In what respects SHI's alleged "hatch[ing] a plan to focus on small and mid-sized organizations" and "copy[ing] Softchoice's mid-market business model" and "eliminat[ing] Softchoice as a viable competitor" are wrongful. (Paragraph 121.)

---

(26)    In what respects SHI's alleged "raid[ing] dozens of Softchoice's sales employees" is wrongful.  (Paragraph 121.)

(27)    In what respects SHI's use of common and publicly-available "electronic networking systems as 'Linkedin'" to "divert or interfere with" Softchoice customer relationships is wrongful.  (Paragraph 122.)

(28)    In what allegedly wrongful manner other than by use of "Linkedin" did SHI "divert or interfere with" Softchoice customer relationships.

[*The balance of this page is intentionally left blank.*]

## ALTERNATIVE REQUEST FOR ADDITIONAL TIME TO PLEAD

If the Court denies this motion in full, Movant respectfully requests an extension of time

for all Defendants to file a responsive pleading to a date 30 days following the Court's order.

WHEREFORE, Defendants request that this Court grant Defendants' Motion For A More

Definite Statement.

DATED:  October 29, 2010                              Respectfully submitted,

                                                         */s/Robert A. Bragalone*
                                                         ROBERT A. BRAGALONE, Esq.
                                                         State Bar No. 02855850
                                                         DUDLEY G. JORDAN
                                                         State Bar No. 24032604
                                                         GORDON & REES L.L.P.
                                                         2100 Ross Avenue, Suite 2800
                                                         Dallas, Texas  75201
                                                         Tel:  214.231.4660
                                                         Fax:  214.461.4053

                                                         **Attorneys for Defendants**

### Certificate of Conference Pursuant to Local Civil Rule 7.1(b)

This is to certify that on October 28, 2010, I conferred by telephone with Patrick Maher, attorney for Plaintiff.  I described the motion to Mr. Maher, and he stated that he would oppose this Motion.

                                                         */s/Dudley G. Jordan*
                                                         Dudley G. Jordan, Esq.

### Certificate of Service

This certifies that the foregoing Defendants Motion For A More Definite Statement was forwarded to all counsel of record on October 29, 2010, through electronic filing of this motion with the District Clerk using the ECF (PACER) electronic filing system.

                                                         */s/Dudley G. Jordan*
                                                         Dudley G. Jordan, Esq.

//8717420v.1